UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    PLAINTIFF,<br><br>    V.<br><br>APPROXIMATELY 9,816,861 TETHER DIGITAL CURRENCY,<br><br>    DEFENDANT.<br><br>SILVER ARCH DEVELOPMENT CORP.,<br><br>    CLAIMANT. | No. 2:21-cv-07460-JAK-JC<br><br>**ORDER RE STIPULATION AND REQUEST FOR ENTRY OF CONSENT JUDGMENT (DKT. 24)**<br><br>**JS-6** |

Plaintiff, the United States of America (the "government"), and Silver Arch Development Corp. ("Claimant"), by and through their counsel of record, have stipulated and requested that the Court enter this judgment for forfeiture to carry into effect the terms of the stipulation as to the defendant in this action, namely approximately 9,816,861 Tether digital currency, more or less (the "Defendant Currency"), which is dispositive of this action.[1]

---

[1] Unless otherwise noted, capitalized terms have the same definition as set forth in the Stipulation and Request for Entry of
*(footnote cont'd on next page)*

The Court, having considered the stipulation of the parties, and good cause appearing therefor, HEREBY ORDERS, ADJUDGES AND DECREES:

1. On September 17, 2021, the government commenced a forfeiture action involving the Defendant Currency by filing a Complaint.

2. The Complaint alleged that agents of the U.S. Secret Service executed a voluntary restraint of the Defendant Currency on or about June 10, 2021, pursuant to a seizure warrant (the "Seizure Warrant") issued by the Hon. Alka Sagar, in consultation with Tether Limited ("Tether").

3. The government provided a copy of the Seizure Warrant to Tether, and the Defendant Currency remains in Tether's control.

4. The geographic location of the digital wallets holding the Defendant Currency is not currently known to the parties, although they are believed by the parties to be outside of the United States.

5. Tether has control over the Defendant Currency and has used technical means to freeze and restrict any movement of the same.

6. The government believes the threat actors responsible for the theft of the Victim Funds laundered, conspired to launder, attempted to launder and did conceal or disguise the nature, the location, the source, the ownership, and the control of the Victim Funds by routing and passing the Victim Funds through various cryptocurrency exchanges, platforms, and currency swaps, and

---

Consent Judgment between Claimant and the government submitted to the Court.

ultimately placed the Defendant Currency into the Suspect Wallets in the custody and control of Tether.

7. The parties agree that Tether's stated terms of service prohibit the deposit to, or withdrawal from, its digital wallet services by U.S. persons, including U.S. citizens, U.S. residents, and entities organized in the United States.

8. The government has given and published notice of this action as required by law, including Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Federal Rules of Civil Procedure, and the Local Rules of this Court. The government has received timely claims from Claimant, no other claims have been filed, and the time for filing claims has expired.

9. This Court has jurisdiction over the parties and the Defendant Currency.

10. Any potential claimants to the Defendant Currency other than Claimant are deemed to have admitted the allegations of the complaint. Nothing in this judgment is intended or should be interpreted as an admission of wrongdoing by Claimant.

11. The government shall return, or direct the return of, the Defendant Currency, without interest, to Claimant through counsel.

12. Upon request from the government, Claimant, through counsel, shall provide any necessary account information to the government in order to complete the transfer of the Defendant Currency.

13. The government is directed to provide a copy of this judgment to Tether, which has control of the Defendant Currency, in order to facilitate the transfer of the Defendant Currency to a

wallet address provided by Claimant.

14. This Court shall retain jurisdiction in order to enforce the parties' Stipulation and this Order.

15. Each of the parties shall bear its own fees and costs incurred in connection with the Defendant Currency.

**IT IS SO ORDERED.**

Dated: May 18 , 2022

John A. Kronstadt
United States District Judge

4